

LEVINE, J.

An examination of the counter-claim discloses that the defendant in error relied as the basis of his recovery, upon the counter-claim, upon fraud and misrepresentation as to the condition of the Brunswick Panatrope radio. The evidence in our opinion does not disclose that plaintiff in error was guilty of fraud and misrepresentation. Quite the contrary, the various efforts made by plaintiff in error to put the machine in condition, as well as his general attitude, would indicate that he was free from the charge of fraud and misrepresentation. At most, defendant in error could have urged either an express or implied warranty as to the efficiency of the Brunswick Panatrope radio.

It is unnecessary for us to state at this time as to what our holding would be if a claim based upon such warranty were urged before us. This much is quite clear, that defendant in error misconceived the nature and character of his action. It will be seen at a glance that the net result of the verdict of the jury, were it to be allowed to stand undisturbed, is to have permitted defendant in error to retain the machine for a period of one year and ten months to have enabled him to recover every dollar paid by way of installments to cover the purchase price and to tax the plaintiff in error $170.00 for a used Victor machine which was allowed by way of credit at the time of the purchase of the new radio.

We are of the opinion that the interest of justice requires that this case be reversed and that the same be remanded for a new trial. It will then be possible for defendant in error to frame his pleading under a proper theory and have the case decided in accordance therewith.

Judgment reversed and cause remanded for further proceedings according to law.

Vickery, PJ., and Sullivan, J., concur.

STATE ex DIECKROEGGER v CONNORS et

Ohio Supreme Court
No 22158. Decided May 28, 1930

Kinkade, Matthias, Day and Allen, JJ., concur.

BECKMAN v STATE

Ohio Supreme Court
No 22173. Decided May 28, 1930